UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

THE BANK OF NEW YORK MELLON,

    Plaintiff(s),

v.

EMILY RUDDELL, et al.,

    Defendant(s).

Case No. 2:17-cv-01074-RFB-NJK

ORDER

(Docket No. 34)

Pending before the Court is Plaintiff's motion to compel or, alternatively, to extend the discovery cutoff. Docket No. 34. Defendant SFR filed a response in opposition. Docket No. 36. No reply was filed and the deadline has now expired. *See* Local Rule 7-2(b). The Court find the motion properly decided without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to compel is **GRANTED**.

**I.    STANDARDS**

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). When a party fails to provided requested discovery, the requesting party may move to compel that discovery. *See, e.g., Nationstar Mtg., LLC v. Flamingo Trails No. 7 Landscape Maintenance Assoc.*, 316 F.R.D. 327, 331 (D. Nev. 2016). The party opposing discovery bears the burden of explaining why discovery should be denied. *See, e.g., Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 465-69 (N.D. Tex. 2015) (addressing burdens following 2015 amendments to the discovery rules).

## II. ANALYSIS

The pending motion raises a straight-forward dispute. The parties agreed in their proposed discovery plan to give one another 30-days' notice for depositions, and the Court entered an order accordingly. *See* Docket No. 28 at 5. Plaintiff provided notice of its Rule 30(b)(6) deposition on November 2, 2017. *See* Docket No. 34-1 at 10. The deposition was noticed for November 30, 2017, which provided only 28-days' notice. *See id.* at 6. The notice of deposition was served 32 days before the discovery cutoff of December 4, 2017. *See* Docket No. 28 at 3.

The gist of SFR's position is that the deposition notice was void for failing to provide 30 days of notice and, because less than 30 days were left in the discovery period once the meet-and-confer process began, a new notice could not be served. *See, e.g.*, Docket No. 36 at 2-4.[1] Consequently, SFR contends that it has no obligation to provide any Rule 30(b)(6) deponent in this case. *See id.* The Court is not persuaded.

There is an overarching preference for cases to be decided on their merits, *see, e.g.*, *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 243 (D. Nev. 2017), and courts eschew reliance on overly-technical objections to avoid discovery obligations, *see, e.g.*, *Aevoe Corp. v. AE Tech Co.*, 2013 WL 4701192, at *1 (D. Nev. Aug. 30, 2013) (collecting cases that courts may require compliance with discovery requests even if the default response deadline is a few days after the discovery cutoff). Moreover, as the Court has already reminded counsel elsewhere, common sense and practicality should be at the forefront of their meet-and-confer discussions. *Bank of N.Y. Mellon v. Paradise Court Homeowners Ass'n*, 2016 U.S. Dist. Lexis 103384, at *3 (D. Nev. Aug. 5, 2016); *see also Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981) ("The discovery process is subject to the overriding limitation of good faith"). In this case, the parties agreed to provide 30 days of notice for

---

[1] The parties contest the significance of the timing of SFR's objection. Plaintiff contends that SFR waited to object until less than 30 days remained in the discovery period to thwart any attempt to re-notice the deposition. Docket No. 34 at 2. SFR counters that it was not engaged in bad faith conduct, but that the timing of its objection was necessitated by its counsel's appearance in another case in Carson City. Docket No. 36 at 2. The Court need not opine on the timing of SFR's objection to resolve the instant motion.

2

depositions, and the deposition notice in dispute was provided 32 days before the close of discovery.[2] If SFR believed that it was entitled to an additional two-days' notice for that deposition, the most obvious solution was for the parties to agree upon a new deposition date within the discovery period that would alleviate any of SFR's scheduling concerns. Had the parties agreed to continue the deposition to December 4, 2017, for example, that would have effectively provided SFR 32-days' notice from its receipt of the initial notice of deposition. Similarly, if no date within the discovery period was available, the parties could have stipulated to a short extension to the discovery cutoff to accommodate both Plaintiff's need for the deposition and SFR's scheduling concerns. Nonetheless, the record shows that SFR refused to provide any alternative date for the deposition, Docket No. 34-1 at 3, and instead proclaimed that it would not appear for a Rule 30(b)(6) deposition, *id.* at 14. SFR has not persuaded the Court that it should be permitted to avoid altogether its Rule 30(b)(6) deposition based on the circumstances presented here.

In short, this case involves the setting of deposition that shorted SFR's notice by a *de minimis* two days, providing 28 days rather than 30 days of notice, but was delivered 32 days before the close of discovery. This is a situation that should have been resolved through practical cooperation during the meet-and-confer process. At best, SFR has shown that the deposition should have been continued by a few days. It has not shown that it should be permitted to avoid the deposition all together.

### III. CONCLUSION

Accordingly, the motion to compel is **GRANTED**. The Court hereby **SETS** the deposition at issue for January 5, 2018, at 1:00 p.m., unless the parties stipulate to a different date and/or time.[3] While

---

[2] Hence, this is not a situation in which discovery was served so late in the discovery period that it could not be completed before the discovery cutoff. *Cf. Adobe Sys. v. Christenson*, 2011 WL 1322529, at *2 (D. Nev. Apr. 5, 2011). SFR's reliance on cases involving that situation is not persuasive. *Compare U.S. Bank, N.A. v. SFR Invs. Pool 1, LLC*, Case No. 2:16-cv-2712-RFB-CWH, Docket No. 37 (D. Nev. Aug. 10, 2017) (in case involving 30-day deposition notice requirement, denying motion to extend discovery) *with id.*, Docket No. 33 at 4 ( SFR's brief urging that result because, *inter alia*, the bank "offers this Court no explanation why it waited until July 13 to notice two depositions when discovery closes on July 31, 2017").

[3] Plaintiff is not required to provide a formal notice of deposition with this new date. *See, e.g.*, 8A Wright, Miller & Marcus, FEDERAL PRACTICE AND PROCEDURE, § 2111 at p. 520-21 (2010) ("a second notice of taking deposition is not necessary"). The deposition shall take place at the location initially

the Court is permitting Plaintiff an opportunity to take this deposition, the discovery period otherwise remains closed.  The Court **EXTENDS** the deadline for dispositive motions to January 19, 2018, and the deadline to file a joint proposed pretrial order to February 20, 2018.

IT IS SO ORDERED.

DATED: December 6, 2017

                                                                _____
                                                                NANCY J. KOPPE
                                                                United States Magistrate Judge

---

identified unless Plaintiff otherwise indicates in writing within seven days of this order.