UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2006-HY11, MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2006- HY11,<br><br>Plaintiff,<br><br>v.<br><br>EMILY RUDDELL; SFR INVESTMENTS POOL 1, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; WIGWAM RANCH SQUARE HOMEOWNERS ASSOCIATION; DOE INDIVIDUALS I-X, inclusive, and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No. 2:17-cv-01074-RFB-NJK<br><br>**ORDER** |
| SFR INVESTMENTS POOL 1, LLC,<br><br>Counter-Claimant/Cross-Claimant,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2006-HY11, MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2006- HY11; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE BENEFICIARY FOR COUNTRYWIDE HOME LOANS, INC.; EMILY RUDDELL, an individual,<br><br>Counter-Defendant/Cross-Defendants. | |

1

## I. INTRODUCTION

Before the Court are renewed Motions for Summary Judgment filed by Plaintiff/Counter-Defendant The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2006-HY11, Mortgage Pass-Through Certificates, Series 2006-HY11 ("BNY") (ECF No. 55) and by Defendant/Counter-Claimant/Cross-Claimant SFR Investments Pool 1, LLC ("SFR") (ECF No. 57).

In the complaint filed April 18, 2018, BNY seeks quiet title/declaratory judgment, an order directing a foreclosure sale, and injunctive relief. ECF No. 1. For the reasons stated below, the Court denies BNY's Motion for Summary Judgment, grants SFR's Motion for Summary Judgment, and dismisses the remainder of BNY's complaint against the remaining Defendants.

## II. FACTUAL BACKGROUND

The Court finds the following facts to be undisputed, and finds no disputed facts.

On or about March 27, 2006, Defendant/Cross-Defendant Emily Ruddell purchased real property located at 8601 Little Fox Street, Las Vegas, Nevada 89123 (APN: 177-14-311-079) ("the Property"). Ruddell financed ownership of the property by way of a loan in the amount of $207,200.00 evidenced by a note and secured by a deed of trust (the senior deed of trust) recorded March 31, 2006.

The senior deed of trust was assigned to Plaintiff/Counter-Defendant BNY on January 21, 2010.

On October 7, 2010, Wigwam Ranch Square Homeowners Association ("Wigwam"), through its agent Alessi & Koenig, LLC ("Alessi"), recorded a Notice of Delinquent Assessment. Per the notice, the amount due to the HOA was $801.00, which includes $751.00 of collection and/or attorneys' fees, assessments, interest, late fees, and service charges, and $50.00 of collection costs.

On January 31, 2011, Wigwam, through its agent Alessi, recorded a Notice of Default and Election to Sell. The notice states the amount due to the HOA was $1,933.00, but does not specify whether it includes dues, interest, fees and collection costs in addition to assessments.

On April 11, 2011, Ruddell filed for Chapter 7 bankruptcy protection with the United States Bankruptcy Court, District of Nevada, designated case no. 11-14891-BAM. She listed the Property on her bankruptcy schedules. She received her discharge on June 6, 2011, though the bankruptcy was not terminated until June 25, 2013.

On November 5, 2012, Wigwam, through its agent Alessi, recorded a Notice of Trustee's Sale. The notice states the amount due to the HOA was $3,979.00.

Wigwam foreclosed on the property on or about December 5, 2012. A Trustee's Deed in favor of SFR was recorded December 10, 2012. The sale price at the foreclosure sale was $6,200.00.

### III. PROCEDURAL BACKGROUND

BNY filed its complaint on April 18, 2017. ECF No. 1. SFR filed its answer on June 19, 2017, with cross-claims against Mortgage Electronic Registration Systems, Inc. and Emily Ruddell and a counter-claim against BNY. BNY filed its answer on July 10, 2017. ECF No. 19.

On August 24, 2017, the Court entered a scheduling order. ECF No. 28. Discovery closed on December 4, 2017. Id. On December 4, 2017, Wigwam filed its answer. ECF No. 39. Also on this date the Court terminated Mortgage Electronic Registration Systems, Inc. from the action. ECF No. 38.

On January 19, 2018, BNY and SFR each filed motions for summary judgment. ECF Nos. 45, 46. On January 22, 2018, the Court Clerk entered default as to Ruddell. ECF No. 47.

On July 13, 2018, the Court denied the pending motions for summary judgment without prejudice and issued a stay in the case pending the Nevada Supreme Court's decision on a certified question of law regarding NRS 116's notice requirement in Bank of N.Y. Mellon v. Star Hill Homeowners Ass'n, Case No. 2:16-cv-02561-RFB-PAL. ECF No. 52. The Nevada Supreme Court published an answer to the certified question on August 2, 2018. SFR Investments Pool 1, LLC v. Bank of New York Mellon, 422 P.3d 1248 (Nev. 2018).

///

///

3

On August 23, 2018, BNY and SFR each filed the instant renewed motions for summary judgment. ECF Nos. 55, 57. The Court will now lift the stay in this case and consider the pending motions.

## IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted).

## V. DISCUSSION

### a. SFR's Motion for Summary Judgment

SFR seeks summary judgment as to BNY's claims against it, and as to its cross- and counter-claims against BNY and Ruddell. Only BNY responded to SFR's motion.

#### i. Statute of Limitations

SFR argues that each of BNY's claims are barred by the applicable statute of limitations. For statute of limitations calculations, time is computed from the day the cause of action accrued. Clark v. Robison, 944 P.2d 788, 789 (Nev. 1997). The foreclosure sale occurred on December 10, 2012. The Court finds that the statute runs from this date. The complaint was filed on April 18, 2017, over four years later. Contrary to Plaintiff's argument, the claim did not accrue on September 18, 2014, the date of the Nevada Supreme Court decision in SFR Investments Pool 1 v. U.S. Bank, 334 P.3d 408 (Nev. 2014). The Nevada Supreme Court has held that SFR

4

Investments applies retroactively and constitutes an interpretation of NRS 116.3116 rather than a change in law. K&P Homes v. Christiana Trust, 133 Nev. Adv. Op. 51 (July 27, 2017). Because NRS 116.3116 was in effect at the time of the foreclosure sale, the Court finds that Plaintiff's claim accrued at that time of the foreclosure.

BNY's claims are therefore entirely barred by the statute of limitations. In its complaint, BNY alleges that its senior deed of trust encumbers the property because: (1) Chapters 116 of the Nevada Revised Statutes ("NRS") is facially unconstitutional; (2) the notices provided in this case were unconstitutional as-applied; (3) Wigwam would have rejected any tender of the super-priority amounts; and (4) the foreclosure sale was commercially unreasonable and thus SFR was not a bona fide purchaser for value. Insofar as BNY's claims relates to any right protected by NRS 116.3116 and the violation of that right, the claims carry a three-year statute of limitations pursuant to NRS 11.190(3)(a), which applies to actions upon a liability created by statute. Insofar as BNY's claims rely on constitutionality and equity arguments, they fall within the four-year catch-all provision at NRS 11.220. Because the Court finds that BNY's claims can only fall under the three-year or four-year statute of limitations, the claims are foreclosed.

The Court finds that BNY is not entitled to the five-year statute of limitations for certain quiet title actions pursuant to NRS 11.070 and 11.080. The statute of limitations provided by these code sections only apply when the plaintiff actually "was seized or possessed of the premises." Nev. Rev. Stat. §§ 11.070, 11.080; see also Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A., 388 P.3d 226, 232 (Nev. 2017) (NRS 11.080); Bissell v. Coll. Dev. Co., 469 P.2d 705, 707 (Nev. 1970) (NRS 11.070). NRS 11.070 and 11.080 do not apply to claims by parties that held only a lien interest, not title.

The Court also finds that NRS 106.240 does not extend the applicable statute of limitations to a ten-year term. NRS 106.240 does not create a statute of limitations; "NRS 106.240 creates a conclusive presumption that a lien on real property is extinguished ten years after the debt becomes due." Pro-Max Corp. v. Feenstra, 16 P.3d 1074, 1077 (Nev. 2001).

BNY incorrectly asserts that no statute of limitations applies to seek declaratory relief. "A claim for declaratory relief is subject to a statute of limitations generally applicable to civil claims."

Zuill v. Shanahan, 80 F.3d 1366, 1369–70 (9th Cir. 1996). While Nevada law recognizes that "[t]he statute of limitations applies differently depending on the type of relief sought" and that "claimants retain the right to prevent future violations of their constitutional rights [through prospective relief]," City of Fernley v. State, Dep't of Tax, 366 P.3d 699, 706 (Nev. 2016), the relief BNY seeks is retrospective in nature. BNY argues that it seeks prospective relief as to the ongoing validity of its deed of trust. But to find in favor of BNY on this claim, the Court would first need to award retrospective relief by finding that the foreclosure sale did not extinguish the senior deed of trust or that the foreclosure sale was void, meaning a deed of trust existed on which the judicial foreclosure claim could proceed. The statute of limitations as outlined above therefore applies.

BNY invokes equitable tolling and the relation back doctrine to argue that the Court should date BNY's claims back to January 21, 2010, the date the deed of trust was assigned to BNY. BNY, states without support in the record, that January 21, 2010 is also the date that BNY initiated nonjudicial foreclosure proceedings and recorded a notice of breach. The relation back doctrine allows an amendment to a pleading to relate back to the date of the original pleading and is therefore inapplicable to this case, where BNY has filed only the instant complaint. See Fed. R. Civ. P. 15(c)(1). BNY's argument that a Notice of Breach and Election to Cell can be substituted for a formal pleading is unsupported by case law and by the plain language of Rule 15. Further, the Court does not identify any Notice of Breach and Election to Sell initiated by BNY or dating back to January 2010. BNY's argument for the imposition of equitable tolling does not appear to be based on the facts as presented by BNY's complaint and as supported by the record. In any event, the Court does not find that BNY has demonstrated the "excusable delay" necessary for the application of equitable tolling. City of N. Las Vegas v. State Local Gov't Employee-Mgmt. Relations Bd., 261 P.3d 1071, 1077 (Nev. 2011).

Because the statute of limitations forecloses BNY's complaint entirely, summary judgment is granted in favor of SFR against BNY. The Court need not reach SFR's alternative arguments for summary judgment against BNY.

### ii. Cross- and Counter-Claims

SFR seeks summary judgment in its favor on its cross-claims against Ruddell and its

counter-claim against BNY. It requests declaratory relief that the foreclosure sale vested title in SFR, and that BNY and Ruddell lack an interest in the Property. BNY responds that SFR cannot be a bona fide purchaser because it knows it "risked litigation" by buying properties at foreclosure sales. However, because the Court finds that BNY cannot allege any legally cognizable defects with the sale, the bona fide purchaser doctrine is not at issue in this case. See Nationstar Mortg., LLC v. SFR Investments Pool 1, LLC, No. 70653, 2017 WL 1423938, at *3 n.4 (Nev. App. Apr. 17, 2017) (unpublished).

Moreover, as SFR is the record title holder, it is BNY's burden to show that the sale should be set aside. See Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon, 405 P.3d 641, 646 (Nev. 2017). For the reasons explained above, the Court finds that BNY is unable as a matter of law to show that it has any ongoing interest in the Property that can be enforced against SFR. The Court can further identify in the record no evidence of a preserved interest in the Property held by Ruddell. The Court therefore grants summary judgment as to SFR's counter-claim against BNY and cross-claim against Ruddell and grants declaratory relief.

### b. BNY's Motion for Summary Judgment

BNY seeks summary judgment as to its claims against all Defendants. BNY's claims against SFR are foreclosed due to the statute of limitations as discussed above. For the same reason, BNY's claims are foreclosed against Wigwam, which raised and therefore preserved a statute of limitations defense in its answer. Though Wigwam did not respond to BNY's Motion for Summary Judgment, BNY had a "full and fair opportunity" to defend against the statute of limitations argument in its response to SFR's motion. See Nelson v. Waste Mgmt. of Alameda Cty., Inc., 33 F. App'x 273, 274 (9th Cir. 2002) (unpublished) (quoting In re Rothery, 143 F.3d 546, 549 (9th Cir. 1998) (upholding dismissal on basis of statute of limitations where the defense was preserved in the original answer to the complaint, but not raised in a motion for summary judgment).

Because Ruddell did not file an answer, the statute of limitations does not bar Plaintiff's claim against her. See Fed. R. Civ. P. 8(c) (listing statute of limitations as a defense that must be affirmatively stated in responding to a pleading). However, as referenced above, the Court finds

///

7

that Ruddell does not possess any preserved interest in the Property.  The Court therefore dismisses BNY's single remaining claim against Ruddell.

### VI. CONCLUSION

**IT IS THEREFORE ORDERED** that the stay in this case is LIFTED.

**IT IS FURTHER ORDERED** that SFR's Motion for Summary Judgment (ECF No. 57) is GRANTED.

**IT IS FURTHER ORDERED** that BNY's Motion for Summary Judgment (ECF No. 55) is DENIED and its remaining claims DISMISSED.

**IT IS FURTHER ORDERED** that the Court issues declaratory relief in favor of SFR and states the following: that the foreclosure sale and the resulting foreclosure deed are valid as a matter of law; that SFR is the rightful owner of title to the Property; and that BNY and Ruddell have no legally cognizable interest in the Property at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment against BNY as to all claims and close this case accordingly.

DATED: March 31, 2019.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRCIT JUDGE